```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

UNITED STATES OF AMERICA,

-against-

JORGE NAVARRO, ERICA GARCIA, MARCOS ZULUETA, MICHAEL TANNUZZO, SETH FISHMAN, LISA GIANNELLI, JORDAN FISHMAN, RICK DANE, JR., CHRISTOPHER OAKES, JASON SERVIS, KRISTIAN RHEIN, MICHAEL KEGLEY, JR., ALEXANDER CHAN, and REBECCA LINKE,

Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/16/2021

20 Cr. 160 (MKV)

ORDER

MARY KAY VYSKOCIL, United States District Judge:

The Court held a conference in this case on September 15, 2021. Pursuant to the Court's September 9, 2021 Order and at the request of certain Defendants, the conference was held in person with the option for parties to participate remotely by videoconference. In advance of the conference, the Court received from certain Defendants waivers of their right to be present at the conference and consents to proceed by videoconference. [ECF Nos. 487-97, 499-502.] The Court confirmed with counsel and participating Defendants on the record at the conference that certain Defendants did so consent. The Court finds that to the extent Defendants have a right to be present at a status conference, certain Defendants have voluntarily and knowingly waived that right and have consented to proceed remotely. The waivers of personal appearance and consents to appear remotely of those certain Defendants are accepted by the Court.

Due to an ongoing trial in another District, counsel for Defendant Rick Dane, Jr. was unavailable for the conference. However, counsel for Mr. Dane and Mr. Dane himself consented to be represented for the purposes of the September 15 conference by Louis Fasulo, counsel for co-Defendant Lisa Giannelli, and Mr. Dane's counsel, Calvin Scholar, sought to be excused from

the September 15 conference. [ECF No. 498.]  Defendant Rick Dane, Jr. attended the conference remotely via videoconference and prior to the conference had filed a consent to proceed by videoconference, which the Court has accepted.  The Court confirmed Mr. Dane's consent to this arrangement on the record of the September 15 conference.  In light of Mr. Dane's consent, counsel's motion to be excused from the conference due to the trial conflict is GRANTED.

Before the September 15 conference, counsel for Defendants Lisa Giannelli and Jordan Fishman, with the consent of co-Defendant Seth Fishman (the "Phase I trial defendants") filed a letter motion [ECF No. 482] seeking an adjournment to the first quarter of 2022 of the trial date in this case noticed as a back-up date for November 15, 2021.  [ECF No. 477.]  The motion is GRANTED and the November 15 trial in this case is ADJOURNED.  The Phase I trial defendants, *i.e.*, Seth Fishman, Lisa Giannelli, and Jordan Fishman, each expressly waived their speedy trial rights with regard to the trial adjournment on the record at the conference.  The Court will request a trial date for this case in January 2022.  Counsel for all parties are put on notice that this case is trial-ready for the first quarter of 2022.  All counsel shall be prepared to proceed on the to-be-assigned date beginning in mid-January 2022 to proceed for at least 18 days, and that the Court will not consider adjournment requests based on other cases scheduled for trial.  The parties are also reminded that while the Court will request a mid-January trial date, as a result of the COVID-19 pandemic, the Court does not control the trial schedule, and the actual date for trial will be determined by the Clerk of Court pursuant to the centralized jury trial scheduling procedure.

To that end, and as discussed at the conference, counsel for the Government will confer with counsel for Defendants to propose a schedule for the production of material pursuant to 18 U.S.C. § 3500 for the Phase I trial in this case and submit a letter to the Court on or before

September 21, 2021 with the parties' proposal. The letter also must propose dates for the production and exchange of expert disclosures, exhibits, and the filing of proposed voir dire questions, proposed jury instructions, and proposed verdict forms. The parties also should propose a briefing schedule for any motions *in limine*. The parties should propose dates certain for each of these deadlines, rather than base any proposed deadlines on an anticipated trial date (which is not known at this time).

The next conference in this case will take place in person on November 4, 2021 at 10:00AM in Courtroom 18C of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York. To the extent necessary, parties will be permitted to appear at that conference by video (appropriate waivers of appearance and consents to remote proceeding must be filed before leave will be granted). The Court will enter a further order regarding remote access to the conference by the parties, the public, and media in advance of the date.

As discussed on the record at the conference, all time between the date of this order and November 4, 2021 is excluded for the purposes of the Speedy Trial Act. The Court finds that the interests of justice served by allowing the parties to continue exchanging and reviewing discovery, to continue to brief motions, to resolve any outstanding issues with access to discovery materials, and to begin production of material in advance of trial and prepare for trial outweigh the interests of the public and the Defendants in a speedy trial. 18 U.S.C. § 3161(h)(7). On the record at the September 15 conference, no Defendant objected to the exclusion of time.

The Clerk of Court respectfully is requested to close the motions at ECF Nos. 482, 491, 496, 497, and 498.

**SO ORDERED.**

Date:  September 15, 2021
       New York, NY

*Mary Kay Vyskocil*
MARY KAY VYSKOCIL
United States District Judge