M205garC

```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   UNITED STATES OF AMERICA,              New York, N.Y.

 4            v.                            20 Cr. 160 (MKV)

 5   ERICA GARCIA,
     MICHAEL TANNUZO,
 6   LISA GIANNELLI,
     JASON SERVIS,
 7   ALEXANDER CHAN,

 8                 Defendants.

 9   ------------------------------x

10                                         February 24, 2022
                                           11:05 a.m.
11

12   Before:

13                 HON. MARY KAY VYSKOCIL,

14                                         U.S. District Judge

15

16

17

18

19

20

21

22

23

24

25
```

M205garC

 1                                  APPEARANCES

 2   DAMIAN WILLIAMS
          United States Attorney for the
 3        Southern District of New York
     BY:  ANDEN F. CHOW
 4        Assistant United States Attorney

 5   COLSON LAW, PLLC
          Attorneys for Defendant Garcia
 6   BY:  DEBORAH A. COLSON

 7   THE LAW OFFICES OF DONALD T. ROLLOCK
          Attorneys for Defendant Tannuzzo
 8   BY:  DONALD T. ROLLOCK

 9   FASULO, BRAVERMAN & DiMAGGIO, LLP
          Attorneys for Defendant Giannelli
10   BY:  LOUIS V. FASULO

11   GLAVIN PLLC
          Attorneys for Defendant Servis
12   BY: RITA M. GLAVIN

13   FEDERAL DEFENDERS OF NEW YORK
          Attorneys for Defendant Chan
14   BY:  ROBERT M. BAUM

15

16

17

18

19

20

21

22

23

24

25

M205garC

1        (Case called)

2        THE DEPUTY CLERK:  Counsel, starting with the

3   government, please state your name for the record.

4        MR. CHOW:  Anden Chow for the government.  Good

5   morning, your Honor.

6        THE COURT:  Good morning, Mr. Chow.

7        THE DEPUTY CLERK:  I will call the defendant's name

8   and counsel please state your name.  Erica Garcia.

9        MS. COLSON:  Good morning, your Honor.  Deborah Colson

10  for Ms. Garcia.

11       THE COURT:  Good morning, Ms. Colson.

12       THE DEPUTY CLERK:  Michael Tannuzzo?

13       MR. ROLLOCK:  Good morning, Judge.  Donald Rollock for

14  Mr. Tannuzzo.

15       THE DEPUTY CLERK:  Lisa Giannelli.

16       MR. FASULO:  Good morning, Judge.  Louis Fasulo for

17  Ms. Giannelli.  Good to see you.

18       THE COURT:  Good morning, Mr. Fasulo.  Nice to see you

19  in good health.

20       THE DEPUTY CLERK:  Jason Servis?

21       MS. GLAVIN:  Good morning, your Honor.  Rita Glavin

22  for Jason Servis.

23       THE COURT:  Good morning, Ms. Glavin.  Nice to see you

24  as well.

25       THE DEPUTY CLERK:  And Alexander Chan.

M205garC

1        MR. BAUM:  Good morning, your Honor.  Robert M. Baum

2    on behalf of Dr. Chan.

3        THE COURT:  Mr. Baum, good to see you as well.

4        Let me state a few things for the record before we get

5    going.

6        I have received from counsel for each of the five

7    remaining defendants a request that their attendance today be

8    excused.  It is my understanding that attendance is not

9    required, that there probably isn't even a right to attendance

10   but, in any event, each of those requests for the defendants

11   themselves to be excused from attendance today is granted.

12       Next, I received a request from the discovery

13   coordinator, Emma Greenwood, to be excused from attending

14   today.  I have granted that request as well.  She had sent me a

15   report back in January updating, as she does periodically, the

16   status of discovery in this matter and she reported, in advance

17   of today's conference, that there was nothing new for her to

18   report on today.

19       MR. FASULO:  Judge, just on that, just for the record?

20       THE COURT:  Yes.

21       MR. FASULO:  She has also been in contact with me and

22   other defense counsel via letter as to the status and

23   cumulative discovery that she has gotten and where she was at,

24   so we have had communications with her as of yesterday, just

25   for the record.

M205garC

1           THE COURT:  Good.

2           So, Mr. Chow, is there anything for you to update with

3   regard to discovery?  I assume discovery is complete at this

4   point.

5           MR. CHOW:  Not on the topic of discovery, no updates.

6           THE COURT:  No updates.  Is discovery complete?

7           MR. CHOW:  Yes, your Honor.

8           THE COURT:  All right, so let's talk then about where

9   we are at in terms of scheduling.  As I think you all know, we

10  had the trial of Dr. Fishman, there was a mistrial with respect

11  to Ms. Giannelli who was supposed to be tried during that same

12  group 1 of the trial.  We have a backup slot; I had advised the

13  group 2 defendants that we have a backup slot of March 21st.

14  It is the Court's view that that slot is where the Giannelli

15  trial should take place before we get to the group 2 people but

16  I am open to hearing from all of you, but I did in the meantime

17  receive a letter from the government telling me that you,

18  Mr. Fasulo, were unavailable for trial on the 21st because you

19  had a trial before Judge Caproni on the 29th.  It seems to me,

20  from looking at the calendar, that you're the number two backup

21  trial in front of Judge Caproni as well on the 29th.  So it is

22  not clear to me why, if my slot clears on the 21st, a backup

23  slot in front of Judge Caproni makes you unavailable.

24          So why can't we proceed with Ms. Giannelli on the 21st

25  if that slot opens up?

M205garC

1          MR. FASULO:  So my understanding was with Judge

2    Caproni was that when we scheduled our trial for the January

3    date that I firmly said that date was in place, I made that

4    representation in front of Judge Caproni at the time and so she

5    said that we are scheduled to put it on -- she ordered the

6    trial for that day.  I am willing to work with --

7          THE COURT:  But she didn't order the trial, you are a

8    backup slot, right?  And as I understand it there are 28

9    defendants in that case and she said the first two would be

10   tried.

11         MR. FASULO:  There is one left.

12         THE COURT:  Only one left?

13         MR. FASULO:  Yes.

14         THE COURT:  OK.  And that's you.

15         MR. FASULO:  That's me.

16         THE COURT:  Or your client, not you.

17         MR. FASULO:  That's my client.

18         So obviously we are in a position where we are trying

19   the case.  I will be on trial on March, I don't have a problem

20   with that, Judge.  I do think because of the scheduling, were

21   so many defendants who we were scheduled for that case in

22   anticipation of finishing this case, so I do feel and an

23   obligation to move that case and the other issue in that case

24   different than this case --

25         THE COURT:  Is that defendant incarcerated?

M205garC

1      MR. FASULO:  Yes, my client is incarcerated, so that's

2   why I let the government know that that case is still moving

3   on.  If it resolves itself I will of course let the Court know

4   immediately if there is some resolution between now and March

5   and I will do whatever the Court wants.  I mean, we are ready.

6   My team is ready.

7      THE COURT:  You were ready.

8      MR. FASULO:  I know the government has some other

9   witnesses but we will be ready and so it is not an issue.  But

10  I didn't want to be in a position where I have an in-defendant

11  and he is waiting to either have that case resolved --

12  everybody else, 28 people pled and he has not -- to jeopardize

13  his incarceration any further on pretrial detention until the

14  verdict comes out and we see where he ends up.

15     THE COURT:  Do you know the case number on that case,

16  offhand?

17     MR. FASULO:  I just turned my phone off but I will

18  pull it up in a moment, Judge.  Judge, while I am looking, can

19  I just ask one thing?

20     THE COURT:  Sure.

21     MR. FASULO:  Do we know when we will know if that

22  backup spot versus another backup spot will_.

23     THE COURT:  No.  The only way I know is when the

24  people involved in the case -- I think it is Judge Rakoff who

25  is ahead of us.

M205garC

1          MR. FASULO:  I think that's with Bobbi Sternheim, I

2     think that case is going.

3          THE COURT:  Yes.  I mean, look.  Every indication that

4     we have is that we are still the backup, and unless and until I

5     get told that his case has pled out -- and I think there are

6     two defendants in his case, although I am not a hundred percent

7     sure about that -- so at best it is a backup in any event.

8     But, look.  This is where I'm at.  I am willing, if the spot

9     clears up, I am willing to try whatever defendant's case is

10    prepared to move forward on the 21st.  I understand -- and I'm

11    going to jump ahead a little bit on our calendar.  I understand

12    that Mr. Tannuzzo's counsel has said he objects to the

13    remaining four defendants other than Ms. Giannelli being tried

14    together.  Ms. Glavin you are still considering whether you

15    wanted to move for severance.  I think those motions are due

16    next week.

17         MS. GLAVIN:  I think the government can give you an

18    update on their position about that but we believe our motions

19    are moot, based on the government's position.

20         THE COURT:  OK.  I will hear from the government then.

21    I was going to tell you what I was going to do but let me hear

22    from the government.

23         MR. CHOW:  Your Honor, on February 14th we sent an

24    e-mail to defense counsel advising the counsel for Garcia,

25    Tannuzzo, Servis, and Chan, that we would not object to a

M205garC

1    severance -- or not necessarily a severance but trying those

2    remaining four defendants in two separate groups, in particular

3    Tannuzzo and Garcia together, and then Servis and Chan

4    together.

5            The government's position is not based on any legal

6    reason why it believes severance is appropriate but rather,

7    given the constraints currently in the court house with regard

8    to the COVID protocol and the COVID setup, the likelihood of

9    everybody fitting into a courtroom at the same time is

10   unlikely.  Also, the risk that having just gotten off of a

11   trial of a potential mistrial and the complications due to

12   that, those considerations weighed in favor of the government

13   representing to defense counsel that it would not object to a

14   split two and two in the way that was proposed by the

15   government.  We did advise defense counsel that that if they

16   further wanted to sever amongst those two pairings we would

17   object to that, but splitting them into two separate trial

18   groups we would not object to.

19           THE COURT:  Frankly, that's what I was going to tell

20   you I am inclined to do.  Frankly, if the March 21st spot opens

21   up and doesn't work for Mr. Fasulo, as I just said, any

22   defendant who wishes individually or in these pairings to go

23   forward on the 21st, I am prepared to move forward with that

24   trial.  You would have to obviously talk to the government

25   about the pretrial deadlines for exchange of information and

M205garC

1   all of that, but I would grant a severance if it is only one

2   person who wants to go forward or I will try two -- either one

3   of those two pairings on the 21st if Ms. Giannelli's trial

4   cannot go forward.

5           With regard to severance, anyway, what I was going to

6   say to you, Ms. Glavin, you were at our last conference still

7   considering, I was going to tell you that you don't need to

8   file a motion because I am going to sever in those pairings.

9   Now, I guess I should ask, Mr. Tannuzzo, do you have any

10  objection to trying the case together with Ms. Garcia?

11          MR. ROLLOCK:  I had responded to the e-mails, your

12  Honor, and I agree to that.

13          THE COURT:  And Ms. Garcia's counsel is you,

14  Ms. Colson?

15          MS. COLSON:  Yes.  I have no objection and I let the

16  government know.

17          THE COURT:  So phase 3, we don't have a 2 anymore, we

18  have a 1A, no 2.  Phase 3 or group 3 will be Garcia and

19  Tannuzzo, and then phase 4 the government is proposing and

20  previously was agreed that Servis and Chan would be tried

21  together.

22          Ms. Glavin, are you still OK with that?

23          MS. GLAVIN:  Yes, your Honor.

24          THE COURT:  Mr. Baum?

25          MR. BAUM:  Yes, I'm OK with that, Judge.

M205garC

1              THE COURT:  So at a minimum we have -- well, at a

2     maximum we have three trials then that we are talking about

3     scheduling.

4              MR. FASULO:  Judge, my case is U.S. v. Velez, it is 19

5     criminal 862, Judge Caproni.

6              THE COURT:  I'm sorry?

7              MR. FASULO:  Judge Caproni.

8              THE COURT:  So in addition to the fact that that -- 19

9     crim what number?

10             THE DEPUTY CLERK:  862; they moved it a day to the

11    28th.

12             THE COURT:  OK.  I was going to say what is on for the

13    29th, it wasn't bolded in red which is what we are using for

14    in-defendants.

15             So in addition to the fact that the defendant in that

16    case is incarcerated, it also is a two-year -- one year older

17    case than our case so you will let me know if it resolves

18    itself and then I am prepared to move forward on the 21st, if

19    that slot opens up to us.  If any of the other remaining

20    defendants is prepared to move forward on the 21st, please let

21    the Court know that, otherwise we will move forward with

22    Ms. Giannelli at the first slot that we are able to obtain in

23    the second quarter of the year.  We will move forward with the

24    previously called group 3 of Garcia and Tannuzzo in the second

25    slot which I have requested for Q2 of this year.

M205garC

1        As you know, we are still doing central calendaring.

2  I have requested two trial slots for the second quarter.  The

3  calendar is not yet done, I don't know what dates we will be

4  assigned but that's how they will be allocated.

5        And then, Ms. Glavin, you had told me about conflicts

6  that you have.  Where do you stand?

7        MS. GLAVIN:  So, your Honor, I am scheduled to begin a

8  jury trial in front of Judge Stein on March 7th, so a week from

9  Monday we are starting and that's going to be a lengthy trial,

10  I think it is 20 to 25 witnesses, it is an incarcerated

11  defendant.

12        I also have a trial in New York State Supreme Court, I

13  represent Allen Weisselberg, who is the former CFO in the Trump

14  organization.  That trial, the Judge has told us to clear

15  August and September.  I expect that we are going to have some

16  lengthy hearings between my March trial and the

17  August/September trial.  The case is, so your Honor is aware,

18  the discovery is voluminous; words hard for me to describe.  It

19  is a complicated tax case and that is going to be taking all of

20  my time once I finish this trial.

21        With respect -- and I have discussed this with

22  Mr. Servis, but if the trial completes sometime in September, I

23  am going to need 90 days to get back up to speed with respect

24  to Mr. Servis.  For me to be effective, this case, as your

25  Honor knows this is also voluminous discovery; and I am a solo

M205garC

1    practitioner now, as the Court may be aware.

2                THE COURT:  I am.

3                MS. GLAVIN:  And so for me to --

4                THE COURT:  Is Mr. Considine no longer counsel,

5    though?

6                MS. GLAVIN:  He is less involved, your Honor.  He has

7    involvement in the case but you can understand that Mr. Servis

8    does not have endless amounts of money so there is an issue

9    there to be able to afford two law firms.  But Mr. Servis hired

10   me to try the case and I went to my dear friend, law partner,

11   who I think the world of to assist me and he can assist me as

12   he can but the situation has materially changed since I left my

13   law firm.

14               THE COURT:  I understand.  OK, but so what are you

15   telling me?  Are you talking about next year?

16               MS. GLAVIN:  I am asking for January of 2022.

17               THE COURT:  Has Mr. Servis consented to that?

18               MS. GLAVIN:  I have talked to him about it.  He knows

19   about it and I will go back and discuss it with him again today

20   but we have discussed and he is well aware of the issues.

21               THE COURT:  Mr. Baum, what is your client's position?

22               MR. BAUM:  I have spoken to Mr. Chan about it and he

23   consents to postpone the case until Mr. Servis and his counsel

24   are available for trial.

25               THE COURT:  All right.

M205garC

```
 1              Ms. Colson?

 2              MS. COLSON:  Your Honor, I am here on behalf of

 3    Ms. Garcia.  I have trial beginning on June 13th in front of

 4    Judge Furman, the case no. is 17 CR 548.

 5              THE COURT:  Give me just one second.  June 13th?

 6              MS. COLSON:  June 13th, before Judge Furman.  The case

 7    number is 17 CR 548, it is United States v. Josh Schulte, it is

 8    an incarcerated defendant, he has been incarcerated for several

 9    years.  It is a re-trial of a case that was tried before Judge

10    Furman right before the pandemic.  There is lengthy and

11    complicated CIPA litigation that still needs to take place and

12    will be happening over the next couple of months so I do think

13    it will be next to impossible for me to try Ms. Garcia's case

14    in the second quarter of this year.

15              We are prepared -- I have spoken with Mr. Rollock and

16    we are prepared to go to trial as early as September.  I am

17    asking for a September date because, like Ms. Glavin, I am also

18    a solo practitioner and we need time to get up to speed after I

19    complete the trial in front of Judge Furman.

20              THE COURT:  Mr. Rollock?

21              MR. ROLLOCK:  Yes, Judge.  I, too, have a bunch of

22    state trials that are scheduled, incarcerated the defendants.

23    Obviously the Court knows that state courts have been very slow

24    but now they're starting to open up; I just finished a trial

25    this past week.  So based upon the number of trials I have to
```

M205garC

```
 1   do for these incarcerated clients, I figure I will be tied up
 2   until July.
 3            THE COURT:  Do you consent, though, to Ms. Colson's
 4   request that we put your group over to September?
 5            MR. ROLLOCK:  Yes, Judge.  That would be fine.  And
 6   I'm a solo practitioner too.
 7            THE COURT:  So all counsel are consenting to the
 8   exclusion of time between now -- and for Mr. Garcia and
 9   Mr. Tannuzzo until the third quarter?
10            MR. ROLLOCK:  Yes.
11            THE COURT:  And for Mr. Servis and Mr. Chan, you are
12   consenting to the exclusion of time on their behalf until the
13   first quarter of 2023?
14            MR. BAUM:  Yes, your Honor.
15            MS. GLAVIN:  Yes, your Honor.
16            THE COURT:  I would like something in writing on the
17   docket to that effect from all counsel for what you have
18   requested from me.
19            MS. GLAVIN:  Yes, your Honor.
20            THE COURT:  And I think, as I say, I don't know what
21   slots we are going to be allocated in any event for the second
22   quarter, but I am telling you now, I will -- we will talk in a
23   minute about how we are going to handle control dates and all
24   because I obviously need a date for actually excluding time,
25   but I will put in the requests as you have asked for; for the
```

M205garC

1    group 3 will be September, for the group 4 will be first

2    quarter of 2023, and there will be no slippage, those are firm,

3    so you need to let other Courts, other Judges know you are

4    committed.

5             Mr. Fasulo?

6             MR. FASULO:  Judge, so seeing where we are at, I had a

7    conversation with the Court regarding May and June, which are

8    fine for me and I know that the Court put in for second quarter

9    slots.  If in fact we do get a second quarter slot as the

10   primary case, I would request the Court to put us into that

11   slot, only because getting ready for both trials now, even

12   though it is a re-trial, I am now focusing on the other case.

13   It would really behoove me a lot to just kind of be organized

14   and be able to finish that and go into the Giannelli case at

15   that time.

16             So I don't know what is going to happen but if we do

17   get a slot in the second quarter, I would like to grab it and

18   be in rather than waiting to see last minute.

19             THE COURT:  All right.  I will tell you -- you can

20   stay seated.  I will tell you that given the timing of this

21   case relative to the other cases that are backlogged and the

22   fact that all of your clients are out, the likelihood that we

23   are going to get a first slot is slim.  Having said that, there

24   is encouraging news on the COVID front, as I think you all

25   know, except for people do continue still to get sick.  I don't

M205garC

 1   know that forever the fact that someone gets sick with COVID

 2   means you have to have a mistrial.  I don't know.  There have

 3   been discussions in the court house about easing some of the

 4   restrictions but we are not there yet.

 5         I'm not yet authorized to hold any criminal trials in

 6   this courtroom because, as you can see from the jury box, there

 7   is just not enough room for jurors to be spaced out according

 8   to the current guidelines which is still six feet.  If we reach

 9   certain metrics, that may reduce to three feet and then maybe I

10   can do civil trials here.  I'm told we need plexiglass, though,

11   because we failed some parts of the so-called smoke test about

12   the way the wind blows.  I mean, you couldn't write this script

13   for what we are dealing with here, you really couldn't.  But,

14   we are where we are.  Maybe by the time we get to September and

15   by the time we get to first quarter of next year we will be

16   back to life more normal.  That is certainly my hope.

17         I will let you know, Mr. Fasulo, what dates we get

18   assigned as soon as the second quarter calendar comes out.  If

19   you are waiving the speedy trial rights on behalf of

20   Ms. Giannelli, I will release the March 21st date.

21         MR. FASULO:  Yes, Judge.

22         THE COURT:  Now, Mr. Chow, I assume there is no

23   objection o from the government to any of this?  As you have

24   recognized, we are dealing with these COVID restrictions that I

25   can't do anything about.

M205garC

1          MR. CHOW:  So for Ms. Giannelli, the answer is no

2     objection from the government, we can release the March 21st

3     date.  I think having heard Mr. Fasulo's circumstances,

4     especially with a trial the following week that he must prepare

5     for that probably is, between the two, more likely to go given

6     that his defendant is in --

7          THE COURT:  Yes.

8          MR. CHOW:  -- that certainly makes sense.

9          I think for the remaining schedule your Honor has

10    expressed that defense counsel will put in a letter on the

11    record.  If I could just reserve our response and should the

12    government have any response we will put in the letter right

13    after?

14         THE COURT:  You can reserve your response but I am

15    telling you if they are waiving speedy trial rights on behalf

16    of their clients and have other commitments --

17         MR. CHOW:  Yes, I understand.  It is going to be very

18    difficult for us to, you know, come up with anything but --

19         THE COURT:  I also believe, having firm dates that we

20    are all planning towards facilitates everything being done more

21    efficiently and more orderly.

22         MS. GLAVIN:  Your Honor, may I have a moment with the

23    AUSA?

24         THE COURT:  Yes.  Sure.

25         (Counsel conferring)

M205garC

1          MR. FASULO:  Judge, if I may, while they're having a

2     brief conversation?

3          THE COURT:  Yes.

4          MR. FASULO:  I will still let the Court know what

5     happens to my March date, obviously.

6          THE COURT:  I appreciate that, but it is not going to

7     be grounds for not going forward in the slots we have.

8          MR. FASULO:  No.

9          THE COURT:  OK.

10          MR. FASULO:  Either that case is going to go away or

11     be tried in March and we haven't been told we are going to the

12     next quarter, and I already have your Honor telling me that we

13     will have date in next quarter.  That was not my point.  My

14     point is I will let you know anyway.

15          THE COURT:  Thank you.

16          MR. FASULO:  Ms. Giannelli does have to make

17     arrangements again --

18          THE COURT:  I know, but she lives in Delaware.  It is

19     kind of short --

20          MR. FASULO:  -- the logistics of it.

21          THE COURT:  I had a trial once in Delaware and

22     commuted daily so it is not undoable.

23          MR. FASULO:  It is like me going to Long Island,

24     Judge.  It is not impossible.

25          THE COURT:  Anything?

M205garC

1          MR. CHOW:  Your Honor, let me rephrase the

2     government's position.

3          The government consents to the setting of the dates as

4     proposed by defense counsel and the Court.  The government's

5     concern, as always, is making sure this case proceeds in an

6     expeditious manner in order to protect the interests of the

7     public in a speedy trial, as well as the various victims and

8     witnesses associated with this case, and so what I meant by we

9     may want to put in something is just to ensure that the

10     whatever dates we are assigned or eventually hopefully are

11     selected by Court, that those are in fact hard and fast dates

12     and we will, in fact, be proceeding on those dates.

13          THE COURT:  So, Mr. Chow, I appreciate that.  I also

14     appreciate that you are working as part of a team and that your

15     colleagues aren't here today and, in fairness, I have no

16     problem if you wish to confer with your colleagues.  Having

17     said that, I share the same interest you do in keeping this

18     case moving and I have tried very hard to do that.  This

19     started with 19 defendants, we are down to five who need to be

20     tried so.

21          Given all the circumstances, I do think that what we

22     are talking about is a reasonable proposal.  I already said on

23     the record and counsel are on notice that those requested

24     slots, first quarter for Chan and Servis, in 2023, and

25     September, so that's the end of the third or the beginning of

M205garC

1    the fourth depending on what they give us for group two, are

2    firm.  I will not entertain *"I'm busy and unavailable."*

3    Everybody is on notice.

4           So the next thing I'm going to leave to counsel to

5    work out is proposing schedules for the exchange of information

6    and all of the pretrial materials in connection with each of

7    these trial groupings that we are talking about.  Mr. Fasulo,

8    that puts you up first.  You have already done a lot of this so

9    to the extent you are relying on previous submissions you can

10   just say that.  I will tell you, we -- and you were not here

11   for the end of the charging conference.

12          MR. FASULO:  Yes.  I did get the minutes, Judge.

13          THE COURT:  So you have the charges that I gave.  To

14   the extent you have objections to them you might want to work

15   off of that.  I will tell you, in all candor, that in charging

16   that jury I found those charges, which were largely proposed by

17   the parties worked out and negotiated, I found them somewhat

18   repetitive and I intend to streamline them.

19          MR. FASULO:  Very well.  We will work with the

20   government and see if we can come up with a more streamlined

21   charge on that.

22          THE COURT:  Yes.

23          MR. FASULO:  In addition, I did have some initial

24   conversations with the government regarding their witnesses --

25   maybe slightly different -- and disclosures, and I think we can

1    work a schedule out with the government.  I am not really

2    concerned about that.  I have a lot of the 3500 material.  I do

3    know they have some additional witnesses and they promise to

4    get that material to me in advance of trial date which should

5    be sufficient seeing that I have already prepared witnesses

6    already.

7                THE COURT:  OK.

8                MR. FASULO:  So I think we are in good shape in terms

9    of those applications and I don't think there are any pretrial

10   applications that I can envision at this time based on where we

11   were at in the last trial.

12               THE COURT:  So unless you are talking about newly

13   produced materials --

14               MR. FASULO:  No.  New 3500 material based on witnesses

15   that --

16               THE COURT:  Yes.  But what I was going to say is that

17   unless there is any new issues or discovery, you have already

18   filed your *in limine* motions.

19               MR. FASULO:  I was going to say I don't think there is

20   anything that is going to come up.  My point is there is

21   nothing that I see, unless something comes up in the 3500 that

22   we need to deal with on an evidentiary basis.

23               THE COURT:  Yes.

24               MR. FASULO:  Other than that, I think we would be

25   ready to swing into place.

1          THE COURT:  So each of the other two groups, if you

2     would please coordinate with the government, agree upon

3     schedules for the exchange of information, and propose to the

4     Court a schedule for submission of *in limine* motions, proposed

5     jury instructions, verdict forms, and those sorts of things on

6     a reasonable schedule.  You have enough lead time and that

7     doesn't take a huge amount of time for you to agree on the

8     schedule.  I would like you to do that and get it on file and I

9     will sign off on those, just so that we are all clear and we

10    are ready to go.

11         Now, the final thing that I think we really need to

12    talk about then is I think for each trial we ought to -- each

13    grouping, we ought to have a control date.  We can continue do

14    it as a joint date but, frankly, if we are talking about moving

15    forward first with the Giannelli trial I don't know that you

16    all need to come in for a control date conference in connection

17    with that.  We can set see three separate control dates and

18    exclude time or we can keep doing it seriatim in case there are

19    developments we should talk about.  I am open to what you all

20    propose.

21         MS. GLAVIN:  Your Honor, I would simply propose with

22    respect to Mr. Servis a control date of January -- say January

23    15, 2023, and I think if time is excluded with respect to one

24    defendant in a multi-defendant case it is excluded for all.

25         THE COURT:  Is that accurate?

M205garC

1              MR. CHOW:  That is true.

2              THE COURT:  I think, though, January 15th is too late

3     because you might be trying the case on January 4th, so I think

4     we need to do a control date sometime towards the end of the

5     fourth or middle of the fourth quarter.

6              MS. GLAVIN:  Your Honor, that gives the Court the

7     extra time if we don't get the 4th, we are through to the 15th.

8     So if the 4th comes up.

9              THE COURT:  You are talking about for exclusion of

10    time, not for conference.

11             MS. GLAVIN:  Yes.

12             THE COURT:  Is that acceptable to everyone, that time

13    for all defendants will be excluded from now to January 15th of

14    2023?

15             Mr. Fasulo?  You might be tried before then.

16             MR. FASULO:  Yes.  It is -- Judge, I see the purpose.

17    I am willing, yes, I understand that and I am OK with that.  I

18    would like just to confirm with my client.

19             MR. ROLLOCK:  I consent, Judge.

20             MR. FASULO:  I consent, Judge.  I'm fine with that.

21             THE COURT:  Ms. Colson?

22             MS. COLSON:  I consent.  Thank you.

23             THE COURT:  Thank you Mr. Rollock.

24             Mr. Baum?

25             MR. BAUM:  No objection, your Honor.

M205garC

1          THE COURT:  Ms. Glavin?

2          MS. GLAVIN:  No objection.

3          THE COURT:  Mr. Chow, is the government so moving?

4          MR. CHOW:  The government so moves.

5          THE COURT:  So on the motion of the government, with

6    consent of all defendants, I am going to exclude all time

7    between now and January 15th of 2023.  I do find that the

8    interests of justice served by the exclusion of such time

9    outweighs the interest of the individual defendants and the

10   public in a speedy trial as it does allow for the orderly

11   organization of proof and grouping of the various defendants

12   for trial, the exchange of information that needs to take place

13   in preparation for each of the three trials that we are

14   contemplating, for the parties should they wish to do so to

15   engage in any conversations about consensual disposition of the

16   charges.

17          Now, Mr. Fasulo, once we get a date for the next

18   quarter I will set pretrial conference and charging conferences

19   and those sorts of things.  I think that for the sake of good

20   order we should set a further conference with respect to the

21   remaining four defendants, though, since we my have a trial as

22   early as September.  I will propose that we conference the case

23   sometime towards the end of June or early July.

24          Does that make sense?

25          MR. CHOW:  Yes, your Honor.

M205garC

1          THE COURT:  Any objection?

2          MR. BAUM:  No objection.

3          MS. GLAVIN:  No objection.

4          MS. COLSON:  No objection.

5          MR. FASULO:  No objection.

6          MR. ROLLOCK:  No objection.

7          THE COURT:  I will take a look at my calendar and get

8    an order on file.

9          Is there anything else that we can accomplish?

10         Mr. Chow?

11         MR. CHOW:  No, your Honor.

12         THE COURT:  Ms. Glavin?

13         MS. GLAVIN:  No, your Honor.  Good to see you.

14         THE COURT:  You too.

15         Mr. Baum?

16         MR. BAUM:  No, your Honor.  Good to see you.

17         THE COURT:  Nice to see you as well.

18         Ms. Colson?

19         MS. COLSON:  No.  Thank you very much.

20         THE COURT:  You are very welcome.

21         Mr. Fasulo?

22         MR. FASULO:  One thing, Judge.  Just in terms of my

23    trial schedule in U.S. v. Velez, I think by the end of this

24    week it will be firmly either we are definite or there may

25    be -- you never know with the case that it could resolve

M205garC

1    itself.  I don't anticipate that but I will know a clearer

2    vision probably by the end of Friday and I will let the Court

3    know.

4            THE COURT:  I appreciate that but you are asking me to

5    release the date.

6            MR. FASULO:  I said that because I am starting to get

7    ready for that trial but I want to be transparent because if

8    something happens, I don't want to be in the position that we

9    didn't have this conversation and I just --

10           THE COURT:  OK.  I appreciate that but --

11           MR. FASULO:  I would rather release that date because

12   I think it is better for the Government and us to have a firm

13   date and I can focus.

14           THE COURT:  Yes.  It is also better for people doing

15   central scheduling, so if I release the date it is gone.

16           MR. FASULO:  No, I am fine with that, Judge.

17           THE COURT:  OK.

18           MR. FASULO:  I wanted to be clear with the Court that,

19   as you know, we don't know for sure --

20           THE COURT:  Yes.

21           MR. FASULO:  -- and I am getting a feeling like, you

22   know.

23           THE COURT:  I appreciate your candor, Mr. Fasulo, but

24   no problem with that.

25           MR. FASULO:  OK.  Thank you.

M205garC

1          THE COURT:  I did not ask you, Mr. Rollock; anything

2    further?

3          MR. ROLLOCK:  No thank you, Judge.

4          THE COURT:  It is good to see you all.  Everybody be

5    safe and be well.  We are adjourned.

6          Thank you to our court reporter.

7                              o0o

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25